985 F.2d 575
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edith Hannelore DAHLE, Defendant-Appellant.
 No. 92-30050.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 8, 1993.
Decided Jan. 21, 1993.
 
 Appeal from the United States District Court for the District of Oregon, No. CR-90-60081-JMB; James M. Burns, Senior District Judge, Presiding.
 D.Or.
 AFFIRMED.
 Before D.W. NELSON, TROTT and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Dahle argues the District Court erred in denying her Motion to Dismiss based on the recantation defense found in 18 U.S.C. § 1623(d) (1988). Whether Dahle is entitled to the recantation defense is a question of law reviewed de novo. United States v. McConney, 728 F.2d 1195, 1201 (9th Cir.) (en banc), cert. denied, 469 U.S. 824 (1984). A district court's findings of fact are reviewed under the clearly erroneous standard. In re San Vincente Medical Partners, Ltd., 962 F.2d 1402, 1405 (9th Cir.), cert. denied, 113 S.Ct. 210 (1992).
 
 Section 1623(d) provides:
 
 3
 Where, in the same continuous court or grand jury proceeding in which a declaration is made, the person making the declaration admits such declaration to be false, such admission shall bar prosecution under this section if, at the time the admission is made, the declaration has not substantially affected the proceeding, or it has not become manifest that such falsity has been or will be exposed.
 
 
 4
 18 U.S.C. § 1623(d) (1988).
 
 
 5
 Dahle argues her conflicting testimony did not substantially affect the first suppression hearing. Dahle's contention, however, is not supported by the record. Initially, Dahle's Motion to Suppress was denied because, based upon Dahle's false testimony concerning her use of the grow room in question, Judge Jones found "[Dahle] had absolutely no expectation of privacy as to anything to do with that grow room and, by her own testimony, had never been in the grow room since it was rented to Maxwell...." Judge Jones explained:
 
 
 6
 The defendant, in an attempt to distance herself from the grow room in question, has cut herself off from any expectation of privacy in that room.... Nevertheless, the court is not willing to speculate on the evidence before it that she was more deeply involved in either a conspiracy to grow marijuana in that room or that she may have been more personally involved in access to that room....
 
 
 7
 ....
 
 
 8
 As mentioned, the evidence as to the use of the guest room and the grow room came exclusively from the testimony of the defendant.
 
 
 9
 As the sole basis of Judge Jones's decision, then, Dahle's
 
 
 10
 false testimony clearly "substantially affected
 
 
 11
 the proceeding."
 
 
 12
 Nevertheless, Dahle makes two arguments rebutting this conclusion. First, Dahle contends the false testimony did not substantially affect the proceeding because the government suffered no prejudice from a delay of forty-five days between Dahle's original testimony and her recantation. Second, Dahle contends the district court improperly relied on the presumption that proceedings are substantially affected where the court subsequently acts.
 
 
 13
 Both arguments are meritless. Section 1623(d) requires simply that "at the time the admission is made, the declaration has not substantially affected the proceeding...." Nowhere in the statute does Congress require the opponent be prejudiced by any delay caused by the false testimony. Moreover, the district court did not improperly rely on the presumption that the proceedings are substantially affected where the court subsequently acts. In fact, the district court specifically noted, "In this case no presumption is necessary." The district court did not err in concluding Dahle's false testimony substantially affected the proceeding.
 
 
 14
 Dahle also contends her recantation was made prior to the time the falsity of her prior statements had been exposed. The district court, however, found beyond a reasonable doubt that Dahle was convinced her falsehoods had been exposed prior to her recantation. We agree.
 
 
 15
 Dahle contends "nothing came to light after the suppression hearing which led [Dahle] to believe the falsehoods where [sic] known and were being acted upon." The record in this case proves otherwise. Here, Dahle was warned by the court of the possibility of a perjury charge prior to giving her false testimony, the court's September 5, 1990, opinion on Dahle's Motion to Suppress specifically suggested Dahle's testimony given on August 15, 1990, was false, and her affidavit in support of her Motion to Reconsider shows Dahle then believed the court knew her testimony was false. In light of the record, we affirm the district court's conclusion that Dahle's recantation came after it had become manifest that her false testimony had been exposed.
 
 
 16
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3